24-447/jrj/rls

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

CASE NO.: 9:24-cv-80128-AMC

**JEFFREY MICHAEL SLAMA HASTINGS**,

    Plaintiff,

vs.

**DEPUTY SHERIFF RUSSELL, in his official capacity,**

    Defendants.
_____/

**DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

    COMES NOW, Defendant, DEPUTY SHERIFF RUSSELL, ("Defendant" or "Deputy Russell"), by and through the undersigned counsel, pursuant to Rule 12(b)(6) *Fed. R. Civ. P.* and *S.D. Fla. L. R. 7.1* and moves this Court for an Order dismissing Plaintiff, JEFFREY MICHAEL SLAMA HASTINGS' ("Plaintiff") Amended Complaint [D.E. 9] as brought against the Defendant, and, in support thereof, states as follows:

    **I.**    **INTRODUCTION**

    This action is alleged to have arisen out of violations of the Plaintiff's First and Fourth Amendment rights which allegedly occurred on February 2, 2024. *See Plaintiff's Amended Complaint, D.E. 9.* Plaintiff alleges that on this date he was arrested without probable cause by the Defendant and another, unknown Deputy of the Palm Beach County Sheriff's Office. *Id.* Plaintiff alleges that the Defendant falsely stated that he observed the Plaintiff on the grounds of the Criminal Justice Complex capturing video of the facility, advised him to leave, and then proceeded to place him under arrest for trespass after the Plaintiff failed to leave. *Id.* Plaintiff

1

further alleges the Defendant was responding to a call about a suspicious person on the County's property without permission, that he was approached by the Defendant and another Deputy and told to stop filming, and that he one point ran from these Deputies "trying to flee to safety." *Id.* As stated in the Offense Report attached as an exhibit to Plaintiff's Amended Complaint, Plaintiff was charged with criminal trespass, a misdemeanor of the first degree, based upon Deputy Russell observing the Plaintiff standing outside of the sally port door of the jail entrance, being advised that the Plaintiff was recording video, and observing that the Plaintiff was continuing to record video of the jail after being asked to leave and being warned that failure to comply would result in his arrest. *Id.*

As set forth below, Plaintiff's amended complaint must be dismissed in its entirety as brought against the Defendant. The Plaintiff's amended complaint explicitly states the claims brought against the Defendant is brought against him in his official capacity. As suits brought pursuant to §1983 against governmental officers sued in their official capacity and direct suits against governmental entities are functionally equivalent, Plaintiff's claims, apparently stated as false arrest and violation of his First Amendment rights, must be dismissed as the amended complaint fails to allege that any of the alleged violations of his civil rights under §1983 were the result of any specific policy or custom which served as the force behind the alleged constitutional violation. The amended complaint does not plead any facts that would support a showing that the Sheriff's Office had a policy or custom which conceivably could have caused the alleged constitutional violations. *D.E. 9.*

Finally, even if this Court chooses not to dismiss all of the claims referenced above based on the arguments presented, Plaintiff's claims must be dismissed as his own factual pleadings and the exhibits attached to the amended complaint demonstrate probable cause for his arrest for

trespass based upon based upon Plaintiff's admitted presence on County property, being asked to leave the area, and failing to do so. *Id.*

Therefore, in the absence of any actionable claims against the Defendant, the Plaintiff's amended complaint must be dismissed. As the factual allegations have demonstrated that the Plaintiff is unable to state actionable claims for constitutional violations herein, dismissal with prejudice is warranted as further amendments would be futile.

## II. ARGUMENT & MEMORANDUM OF LAW

### a. Standard of Dismissal

Federal Rule of Civil Procedure 8(a) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief[,]" and while the rule does not require "detailed factual allegations[,]" the factual allegations set forth are required to "raise a right to belief above the speculative level[.]" *Fed. R. Civ. P. 8(a)(2); Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662 (2009) (*quoting Twombly*, 550 U.S. at 570). Rule 8(a) "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id.* at 679.

When considering a motion to dismiss, a court must view the allegations of the complaint in the light most favorable to the plaintiff. *Rule 12(b)(6), Fed. R. Civ. P.; Jackson v. Okaloosa County,* 21 F. 3d 1531, 1534 (11th Cir. 1994). Although factual allegations must be accepted as true, for the purposes of the motion, a court is not required to accept conclusory allegations and unwarranted factual deductions as true. *Gersten v. Rundle,* 833 F. Supp. 906, 910 (S.D. Fla. 1993). Moreover, a court may not assume that a plaintiff can prove facts that the plaintiff has not alleged or that a defendant has violated laws in ways that have not been alleged. *See Beck v. Interstate*

*Brands Corp.,* 953 F. 2d 1275, 1276 (11th Cir. 1992). Likewise, the court is not bound to accept as true a legal conclusion couched as a factual allegation. *See B.H. Papasan v. Allain,* 478 U.S. 265, 286 (1986). Although the federal rules ascribe to liberality in pleadings, bald assertions and conclusions of law will not defeat a properly supported motion to dismiss. *See Leeds v. Meltz,* 85 F. 3d 51, 53 (2d Cir. 1996). Moreover, a court may dismiss claims with prejudice when another attempt to amend the complaint would be futile. *See Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1263 (11th Cir. 2004).

### b. Plaintiff Does Not State a Claim That Any Policy or Custom is the Cause of the Alleged Constitutional Violations

It is well-established that suits pursuant to 42 U.S.C. §1983 against a governmental officer sued in their official capacity and direct suits against governmental entities are functionally equivalent. *See Busby v. City of Orlando*, 931 F.2d 764, 776 (11th Cir. 1991) (affirming district court's decision to dismiss individual defendant law enforcement officers as the governmental employer remained a named defendant); *Schemel v. City of Marco Island Florida*, 2023 WL 3010344, *2 (M.D. Fla., Feb. 14, 2023) (dismissing claims brought against chief of police in her official capacity where the City was also sued).

To state a §1983 claim against a governmental entity a plaintiff must identify "a government's policy or custom [that] inflicts the injury." *See Casado v. Miami-Dade County*, 340 F. Supp.3d 1320, 1326 (S.D. Fla. 2018) (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)). "[T]o impose [section] 1983 liability on a governmental entity, a plaintiff must show: (1) that his constitutional rights were violated; (2) that the governmental entity had a custom or policy that constituted deliberate indifference to that constitutional right; and (3) that the policy or custom caused the violation." *McDowell v. Brown*, 392 F.3d 1283, 1289 (11th Cir. 2004) (citing *City of Canton*, 489 U.S. 378, 388 (1989)).

An official policy that would support a *Monell* claim for governmental liability under § 1983 must consist of one of the following: (1) a formal regulation or policy statement; (2) an informal custom amounting to a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage with the force of law; (3) the decisions of employees with final policymaking authority; (4) the ratification by such final policymakers of the decision and the basis for them of subordinates to whom authority was delegated subject to these policymakers' review and approval; or (5) the failure to adequately train or supervise employees, so long as that failure results from deliberate indifference to the injuries that may be caused. 42 U.S.C.A. § 1983; *Casado*, 340 F. Supp. at 1326-27.

Plaintiffs must do more than make a mere allegation that there is a policy in place — they must allege facts sufficient to show that such a policy or custom existed and that the policy or custom caused the alleged constitutional violations. *See Flink v. City of Fort Walton Beach Police Dep't.*, 2022 WL 19363792, *4 (N.D. Fla. Oct. 24, 2022) (holding that mere allegation of policy or custom of allowing or failing to prevent constitutional violations by officers "on information and belief" was insufficient to support *Monell* claim); *Ashcroft v. Iqbal*, 556 U.S. 662, 663-64 (2009) (holding that conclusory and unsupported factual allegations need not be treated as true by the court in considering a motion to dismiss).  Furthermore, there must be a cognizable underlying constitutional violation that occurs due to the custom or policy at issue in order to support a claim for governmental liability. *Vielma v. Gruler*, 347 F. Supp.3d 1122, 1141 (M.D. Fla. 2018) (citing to *City of L.A. v. Heller*, 475 U.S. 796, 799 (1986)). "A governmental entity cannot be held liable under § 1983 on a *respondeat superior* theory," and is only liable if an injury was the result of a policy or custom as the "moving force" behind an alleged constitutional violation. *CAB v. St. Lucie*

*County School Board*, 2010 WL 11597188, *4 (S.D. Fla. April 16, 2010).

Here, Plaintiff names Deputy Russell as the Defendant in his official capacity but makes no allegations that any policies or customs of the Sheriff's Office or any other entity were the cause of the alleged constitutional violations regarding the allegedly false arrest. *See D.E. 9.* No policies or customs are identified, nor is it asserted that any alleged policies were a decision of a final policymaker or ratified by one. Therefore, as the Plaintiff has not identified any policy or custom necessary to establish governmental liability, his claim must be dismissed as brought against the Defendant in his official capacity.

### c. Plaintiff's Factual Allegations and Exhibit Show Clear Probable Cause for his Arrest

It is well-established that the existence of probable cause constitutes "an absolute bar to both state and §1983 claims alleging false arrest…." *Alvoid as next friend A.R.A. v. School District of Escambia County*, 582 F.Supp.3d 1140, 1152 (N.D. Fla. 2021); *Rankin v. Evans*, 133 F.3d 1425, 1435 (11th Cir. 1998) (holding that the standard for determining whether probable cause exists is the same under Florida and federal law); *Daivs v. City of Apopka*, 734 Fed. Appx. 616, 621 (11th Cir. 2018) ("In order for probable cause to exist, "an arrest must be objectively reasonable based on the totality of the circumstances.""); *Mailly v. Jenne*, 867 So.2d 1250, 1251 (Fla. 4th DCA 2004) (holding that probable cause exists when the circumstances are sufficient to cause a reasonably cautious person to believe that the person accused is guilty of the offense charged); *Fla. Game & Freshwater Fish Comm'n v. Dockery*, 676 So.2d 471, 474 (Fla. 1st DCA 1996) ("Hindsight should not be used to determine whether a prior arrest or search was made with probable cause. Events that occur subsequent to the arrest cannot remove the probable cause that existed at the time of the arrest.")

As discussed above, Plaintiff has set forth allegations and included exhibits stating that the

Defendant responded to the exterior of the jail located at the Criminal Justice Complex regarding a call about a suspicious person on the property, that the Plaintiff was asked to leave and to stop filming the facilities, that the Plaintiff continued to film the Defendant and the vicinity, and then attempted to "flee to safety" from the Defendant and another Deputy. *See D.E. 9.* He further states that upon his first appearance in court a judge found there was probable cause for his arrest and attaches an Offense Report as an exhibit stating that he was arrested and charged with trespass pursuant to § 810.09(2)(b) *Fla. Stat.*, which states in relevant part in conjunction with § 810.09(2)(a):

> (2)(a)   Except as provided in this subsection, trespass on property other than a structure or conveyance is a misdemeanor of the first degree, punishable as provided in s. 775.082 or s. 775.083.
> (b) If the offender defies an order to leave, personally communicated to the offender by the owner of the premises or by an authorized person, or if the offender willfully opens any door, fence, or gate or does any act that exposes animals, crops, or other property to waste, destruction, or freedom; unlawfully dumps litter on property; or trespasses on property other than a structure or conveyance, the offender commits a misdemeanor of the first degree, punishable as provided in s. 775.082 or s. 775.083.

Based upon the Plaintiff's own allegations, his actions in remaining present at the Criminal Justice Complex and continuing to film after being asked to leave by the Defendant as an authorized employee of the Palm Beach County Sheriff's Department, his behavior was more than sufficient to create probable cause for his arrest for trespass. *See Fla. Stat. § 810.09.* Additionally, Plaintiff's allegations do not set forth that the criminal charges brought against him have been resolved, requesting that "all charges against [him] must be dropped immediately for justice to be served." *See D.E. 9, pg. 9.* As this Court has no jurisdiction over the associated criminal charges, this request must be denied, and Plaintiff cannot assert a claim for unlawful imprisonment where he alleges that there has been no final judgment or any reversal of a finding of guilt. *See Heck v.*

*Humphrey,* 512 U.S. 477 (1994).

Therefore, as Plaintiff's pleadings, the factual allegations within, and the exhibits to the Amended Complaint are more than sufficient to demonstrate that the Defendant and any other involved law enforcement officers had probable cause to place the Plaintiff under arrest, his claims for false arrest and violations of his First and Fourth Amendment must be dismissed as a matter of law. Further, as amending the pleadings would be insufficient to rebut that probable cause existed for the arrest as a matter of law, dismissal with prejudice is appropriate.

## **CONCLUSION**

Dismissal of the amended complaint in its entirety is warranted as a matter of law. Plaintiff has further failed to state a § 1983 claim for governmental liability against the Palm Beach County Sheriff's Office as this claim is brought against the Defendant in his official capacity and no policy or custom of the Defendant is sufficiently alleged to be at fault for the underlying constitutional violations claimed. Further, to the extent that this Court does not dismiss all claims, Plaintiff's claims for constitutional violations related to his allegedly false arrest must be dismissed based upon the clear probable cause for his arrest and shown through his own pleadings and exhibits. Further, as Plaintiff has been granted the opportunity to amend his complaint previously and has set forth clear factual allegations that there was probable cause for his arrest, the Defendant submits that further amendment would be futile and that his pleadings should be dismissed with prejudice.

WHEREFORE, Defendant, DEPUTY SHERIFF RUSSELL, hereby requests this Court enter an Order dismissing Plaintiff's Amended Complaint in its entirety and further awarding any other relief it deems just and proper.

Respectfully submitted,

/s/ Lyman H. Reynolds, Jr.
LYMAN H. REYNOLDS, JR.
FBN: 380687
JAMES R. JIMENEZ
FBN: 1032069
Roberts, Reynolds, Bedard & Tuzzio, PLLC
470 Columbia Drive, Bldg. C101
West Palm Beach, FL  33409
Phone: 561-688-6560/Fax: 561-688-2343
E-Service: service_LHR@rrbpa.com
Email: lreynolds@rrbpa.com
Attorneys for Defendant Russell

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy hereof has been furnished by CM/ECF e-service to all parties on the attached Counsel List this 26th day of June, 2024.

**ROBERTS, REYNOLDS, BEDARD & TUZZIO, PLLC**
470 Columbia Drive, Bldg. C101
West Palm Beach, FL  33409
Phone: 561-688-6560/Fax: 561-688-2343
E-Service: service_LHR@rrbpa.com
Email: lreynolds@rrbpa.com
Attorneys for Defendant Russell

/s/ Lyman H. Reynolds, Jr.
LYMAN H. REYNOLDS, JR.
FBN: 380687
JAMES R. JIMENEZ
FBN: 1032069

STYLE: HASTINGS v. PBSO, ET AL.
CASE NO.: 9:24-cv-80128-AMC
OUR FILE NO.: 24-447

## COUNSEL LIST

JEFFREY M.S. HASTINGS
8862 Estate Dr.
West Palm Beach, FL 33411
Plaintiff *pro se*
PHONE: 561-667-3511
EMAIL: theplaintiff@proton.me

LYMAN H. REYNOLDS, JR., ESQ.
JAMES R. JIMENEZ, ESQ.
Roberts, Reynolds, Bedard & Tuzzio, PLLC
470 Columbia Dr., Bldg. C101
West Palm Beach, FL 33409
Counsel for Defendants
PHONE: 561-688-6560
FAX: 561-688-2343
E-SERVICE: service_LHR@rrbpa.com
EMAIL: lreynolds@rrbpa.com
        bsmith@rrbpa.com
        jjimenez@rrbpa.com
FBN: 380687/ 1032069