UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 24-80128-CIV-CANNON

**JEFFERY MICHAEL SLAMA HASTINGS**,

    Plaintiff**,**

v.

**DEPUTY SHERIFF RUSSELL** in his official capacity,

    Defendant.

_____/

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

**THIS CAUSE** comes before the Court upon Defendant Deputy Sheriff Eric Russell's ("Deputy Russell") Motion to Dismiss Plaintiff's Amended Complaint (the "Motion") [ECF No. 28]. The Court has reviewed the Motion, Plaintiff's Opposition [ECF No. 30], Defendant's Reply [ECF No. 31], and the full record. Upon review, the Motion is **GRANTED** in accordance with this Order.

### RELEVANT BACKGROUND

Plaintiff Jeffery Michael Slama Hastings filed his *pro se* Amended Complaint pursuant to 42 U.S.C. § 1983 on March 7, 2024 (the "Amended Complaint") [ECF No. 9].[1] Following appropriate screening under 28 U.S.C. § 1915A, the Court permitted Plaintiff's claims under the First and Fourth Amendments to proceed to service [ECF Nos. 14, 16]. Attached in support of the Amended Complaint is a copy of the Offense Report filled out by Deputy Russell following

---

[1] Plaintiff also filed a "Supplement to Amended Complaint" [ECF No. 12], which the Court considers as part of the Amended Complaint.

Plaintiff's arrest [ECF No. 9 p. 12]. Plaintiff disputes the truth of Deputy Russell's Offense Report to the extent it reflects that Deputy Russell had probable cause to arrest Plaintiff [ECF No. 9 p. 7].

Plaintiff sues Deputy Russell of the Palm Beach County Sheriff's Office in his official capacity for violations of his First and Fourth Amendment rights that transpired on February 2, 2024 [ECF No. 9]. That morning, Deputy Russell responded to a complaint by a Palm Beach County Sheriff's Office corrections officer that a suspicious male was standing outside the perimeter of the Palm Beach County Jail [ECF No. 9 p. 12]. Deputy Russell made contact with the individual, whom he identified as Plaintiff [ECF No. 9 p. 12]. Plaintiff was filming the County Jail for an article he was writing about his unlawful imprisonment at the facility [ECF No. 9 p. 12].

Deputy Russell informed Plaintiff that the County Jail was a secure area and that being there without a lawful reason amounted to trespass [ECF No. 9 p. 12]. Deputy Russell advised Plaintiff that he would be arrested if he did not leave the area [ECF No. 9 p. 12]. It is disputed whether Plaintiff "ma[de] no progress to leave the area" or fled the area "at a mild jog" following Deputy Russell's warning [ECF No. 9 p. 8; ECF No. 9 p. 12]. Regardless, Deputy Russell placed Plaintiff under arrest for trespass after previous warning under Fla. Stat. § 810.09 [ECF No. 9 p. 12]. Plaintiff alleges that Deputy Russell lacked probable cause for the arrest in what amount to a false arrest claim and a free-speech retaliation claim under the First and Fourth Amendments [ECF No. 9].

**LEGAL STANDARD**

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires complaints to provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To avoid dismissal under Rule 12(b)(6), a complaint must allege facts that, if accepted as true, "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

570 (2007); *see* Fed. R. Civ. P. 12(b)(6). A claim for relief is plausible if the complaint contains factual allegations that allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 545). Conclusory allegations, unwarranted deductions of facts, or legal conclusions masquerading as facts will not prevent dismissal. *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002).

## DISCUSSION

Defendant moves to dismiss the Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) [ECF No. 28]. Defendant raises two arguments. First, to maintain a Section 1983 action against a governmental officer, Plaintiff must allege that the violation(s) of his constitutional rights were the product of a specific government policy or custom. Defendant argues that Plaintiff has not done so here [ECF No. 28 pp. 4–6]. Second, Defendant argues that Plaintiff has not alleged the absence of probable cause if the allegations in the Amended Complaint are taken as true [ECF No. 28 pp. 6–8]. Plaintiff offers no meaningful response to these arguments beyond reiterating that Deputy Russell lacked probable cause for his arrest [ECF No. 30].

The Court agrees with Defendant that Plaintiff has not alleged that his arrest was the product of a government policy or custom, which is necessary to state a plausible claim for relief against an officer in his official capacity.

It is clearly established that suits brought against individuals in their official capacities for violations of Section 1983 are tantamount to suing the municipality itself. *See Busby v. City of Orlando*, 931 F.2d 764, 766 (11th Cir. 1991) ([S]uits against a municipal officer sued in his official capacity and direct suits against municipalities are functionally equivalent . . . ."). A municipality

3

is subject to liability under Section 1983 when its policy or custom is the "moving force" that inflicts injury on an individual in violation of their constitutional rights. *Monell v. Dep't of Soc. Servs. of N.Y.C.*, 436 U.S. 658, 694 (1978). "A municipality cannot be held liable under [Section] 1983 on a respondeat superior theory." *Id.* at 691. To that end, a plaintiff must allege facts showing (1) that his constitutional rights were violated, (2) that the municipality had a custom or policy that constituted deliberate indifference to his constitutional rights, and (3) that the custom or policy caused the constitutional injury to state a plausible claim for Section 1983 liability against a municipality. *McDowell v. Brown*, 392 F.3d 1283, 1289 (11th Cir. 2004). A plaintiff may identify either (1) an officially promulgated policy or (2) an unofficial custom through the repeated acts of a final policymaker. *Grech v. Clayton Cnty., Ga.*, 335 F.3d 1326, 1329 (11th Cir. 2003).

Plaintiff sues Deputy Russell in his official capacity, which is tantamount to a suit against Palm Beach County [ECF No. 9 p. 2].[2] Yet the Amended Complaint is devoid of any allegation identifying a specific policy or custom that caused Plaintiff's constitutional injury [ECF No. 9]. Plaintiff does generally allege that Deputy Russell arrested him without probable cause and that Deputy Russell retaliated against Plaintiff for the exercise of his First Amendment rights [ECF No. 9 pp. 7–9]. But the Amended Complaint contains no allegation that Plaintiff's constitutional injury was attributable to a formal policy or unofficial custom instituted by Palm Beach County [ECF No. 9]. Absent an allegation that a Palm Beach County policy or custom was the moving force that caused Plaintiff's arrest, Deputy Russell is not subject to liability under

---

[2] Plaintiff checks the "official capacity" box in his form Amended Complaint, as he did in the initial complaint [ECF No. 1 p. 2; ECF No. 9 p. 2]; there is no reference to Deputy Russell being sued personally or individually in the Amended Complaint [*see* ECF No. 9]; and Plaintiff does not disagree that he sues Deputy Russell in his official capacity [*see* ECF No. 30].

Section 1983 in his official capacity. Plaintiff has therefore failed to state a plausible claim for relief and the Amended Complaint is due to be dismissed.[3]

## CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion to Dismiss Plaintiff's Amended Complaint [ECF No. 28] is **GRANTED** for the reason stated in this Order.

2. Plaintiff's official-capacity First and Fourth Amendment claims against Deputy Russell are **DISMISSED** without further leave to amend.[4]

3. Nothing in this Order shall be construed as a ruling on any other claim(s) to be asserted as permitted by law in a subsequent action.

4. The Clerk shall **CLOSE** this case.

**DONE AND ORDERED** in Chambers in Fort Pierce, Florida, this 29th day of August 2024.

AILEEN M. CANNON
UNITED STATES DISTRICT JUDGE

cc:   Jeffrey Michael Slama Hastings
      theplaintiff@proton.me
      8862 Estate Drive
      West Palm Beach, Florida 33411
      PRO SE

---

[3] The Court need not address whether Plaintiff has alleged the absence of probable cause or whether the pleading and associated exhibits establish probable cause as a matter of law.

[4] Plaintiff was previously afforded an opportunity to amend his pleading [ECF Nos. 7, 9]. Plaintiff has not stated his intention to sue Deputy Russell individually or requested leave to amend his pleading. For these reasons, the Court finds that further amendment is unwarranted here.